# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| VPR BRANDS, LP, </br>       Plaintiff, </br> </br> v. </br> </br> MONQ, LLC, </br>       Defendant. | C.A. No. 3:21-cv-00172 </br> JUDGE WILLIAM CAMPBELL </br> MAGISTRATE JEFFREY </br> FRENSLEY </br> </br> JURY DEMAND |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF MONQ, LLC

Defendant MONQ, LLC (hereafter "Defendant" or "MONQ"), hereby answers Plaintiff VPR Brands, LP ("Plaintiff" or "VPR Brands") Complaint, and presents its affirmative defenses and counterclaims, as follows:

## NATURE OF THE LAWSUIT

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent Number 8,205,622 entitled "Electronic Cigarette." Plaintiff seeks injunctive relief to prevent defendant from continuing to infringe plaintiff's patent and recovery of monetary damages resulting from defendant's past infringement of the patent.

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant admits that Plaintiff purports to bring this action under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* To the extent there are any remaining allegations in paragraph 1 not addressed by the foregoing, Defendant denies them.

## JURISDICTION AND VENUE

2. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

1

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant does not contest that this Court has jurisdiction over the subject matter under 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 271 over the claims purportedly arising under the Patent laws of the United States. To the extent there are any remaining allegations in paragraph 2 not addressed by the foregoing, Defendant denies them.

3. This Court has personal jurisdiction over Defendant.

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant is not contesting personal jurisdiction in the United States District Court for the Middle District of Tennessee Nashville Division for the limited purposes of this civil action only. To the extent there are any remaining allegations in paragraph 3 not addressed by the foregoing, Defendant denies them.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendant is not contesting venue in the United States District Court for the Middle District of Tennessee Nashville Division for the limited purposes of this civil action only. To the extent there are any remaining allegations in paragraph 4 not addressed by the foregoing, Defendant denies them.

## THE PLAINTIFF

5. Plaintiff, VPR Brands, LP ("VPR"), is a Delaware limited partnership authorized to do business in Florida with a principal place of business located at 3001 Griffin Road, Fort Lauderdale, FL 33312.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies the same.

## THE DEFENDANT

6. MONQ, LLC ("Monq") is a Delaware limited liability company with its principal place of business at 842 Conference Drive, Goodlettsville, TN 37072, and can be served by serving its TN Registered Agent, Business Filings Incorporated, 300 MONTVUE RD, Knoxville, TN 37919.

**RESPONSE:** Admitted.

## FACTS

7. VPR is a technology company whose assets include issued U.S. and Chinese patents for atomization-related products, including technology for medical marijuana oil vaporizers, dab pen and flower vaporizer products and components.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies the same.

8. VPR is engaged in product development for the vapor or vaping market, including e-liquids, vaporizers and electronic cigarettes (also known as e-cigarettes) which are devices which deliver nicotine and or cannabis and cannabidiol (CBD) through atomization or vaping, and without smoke and other chemical constituents typically found in traditional products.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies the same.

9. VPR is a vaping market leader specializing in vaporizers and accessories for essential oils, cannabis concentrates and extracts (CBD), as well as electronic cigarettes containing nicotine.

**RESPONSE:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies the same.

10. VPR owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number 8,205,622 (the '622 Patent) entitled "Electronic Cigarette." A copy of the '622 Patent is attached hereto as **Exhibit 1**.

**RESPONSE:** Defendant admits that **Exhibit 1** includes a document purported to be a copy of United States Patent Number 8,205,622 (the '622 Patent) entitled "Electronic Cigarette." With respect to any remaining allegations in paragraph 10, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies the same.

11. The '622 Patent discloses an electronic cigarette or diffuser consisting of an electronic inhaler and an electronic atomizer.

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendants admit that the face of the '622 patent indicates it is entitled "Electronic Cigarette." To the extent there are any remaining allegations in paragraph 11 not addressed by the foregoing, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies the same.

12. The electronic inhaler contains a rechargeable or non-rechargeable power source such as a battery, which supplies electric power to the electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act. The sensor's role is to collect an airflow signal that triggers the electronic cigarette to supply electric power to the inhaler and atomizer connected through an electric connector.

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies the same.

13. Inside the electronic atomizer are an electric connector, electric heating wire, liquid container, and atomizer cap with an air-puffing hole. The user inhales through the air puffing hole at an end of the electronic cigarette to create an air inflow, which triggers the atomization process that converts a solution to a gas emulating the smoking process.

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies the same.

## DEFENDANT'S PRODUCTS

14. Monq makes, uses, imports, offers for sale and sells one or more electronic diffuser products under the MONQ brand that practice all the steps of at least one claim of the '622 Patent.

**RESPONSE**: Denied.

15. Monq also makes, uses, imports, offers for sale and sells one or more products called a "POD" or "PODs" that are designed to be used with another Monq product called the "MONQ R".

**RESPONSE**: Defendant admits that it uses, imports, offers for sale and sells one or more one or more products called a "POD" or "PODs" that are designed to be used with another MONQ product called the "MONQ R". To the extent there are any remaining allegations in paragraph 15 not addressed by the foregoing, Defendant denies them.

16. One of MONQ's electronic diffuser products is known as RELIEVE.

**RESPONSE**: Defendant admits that one of MONQ's products is known as RELIEVE MONQ. To the extent there are any remaining allegations in paragraph 16 not addressed by the foregoing, Defendant denies them.

17. Monq's RELIEVE is an electronic diffuser that contains a rechargeable battery that functions as a power source which supplies electric power to an electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act.

**RESPONSE:** Inasmuch as the scope of the terms describing the elements of Defendant's RELIEVE product and the manner in which those elements interact has not been determined the allegations of paragraph 17 are conclusions of law to which no response is required. To the extent that a response may be required, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies same.

18. The RELIEVE product also contains an electronic atomizer with an electric connector, electric heating wire, liquid container, and atomizer cap with an air-puffing hole.

**RESPONSE:** Inasmuch as the scope of the terms describing the elements of Defendant's RELIEVE product and the manner in which those elements interact has not been determined the allegations paragraph 18 are conclusions of law to which no response is required. To the extent that a response may be required, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies same.

19. The user inhales through the air puffing hole at an end of the RELIEVE product to create an air inflow, which triggers the atomization process that converts a solution to a gas emulating the smoking process.

**RESPONSE:** Inasmuch as the scope of the terms describing the elements of Defendant's RELIEVE product and the manner in which those elements interact has not been determined the allegations paragraph 19 are conclusions of law to which no response is required. To the extent that a response may be required, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies same.

20. Monq also makes, uses, imports, offers for sale and sells one or more electronic diffuser products under the MONQ brand that operate in an identical fashion to the RELIEVE product. These products are called MOUNTAIN, OCEAN, PEACE, SEXY, VIBRANT, ZEN, FOCUS, FOREST, HAPPY, LOVE, and FEEL NATURE.

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, MONQ admits that MONQ uses, imports, offers for sale and sells one or more products under the MONQ brand called MOUNTAIN, OCEAN, PEACE, SEXY, VIBRANT, ZEN, FOCUS, FOREST, HAPPY, and LOVE. To the extent there are any remaining allegations in paragraph 20 not addressed by the foregoing, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies the same.

21. The electronic diffuser products that Monq imports, makes, uses, offers to sell and sells, including but not limited to the RELIEVE products, and the other Monq products substantially similar to the RELIEVE products, infringe one or more claims of the '622 Patent.

**RESPONSE:** Denied.

22. At all times during which defendant imported, made, used, offered to sell and sold electronic diffuser products that infringe one or more claims of the '622 Patent, defendant had knowledge of the '622 Patent.

**RESPONSE:** Denied.

23. Plaintiff has been irreparably harmed by defendant's infringement of VPR's valuable patent rights.

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant denies the allegations contained therein.

24. Defendant's unauthorized, infringing use of VPR's patent cigarette has threatened the value of their intellectual property because defendant's conduct results in VPR's loss of its lawful patent rights to exclude others from importing, making, using, selling, offering to sell and/or importing the patented inventions.

7

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant denies the allegations contained therein.

25. Defendant's disregard for VPR's property rights similarly threatens VPR's relationships with potential licensees of this intellectual property.

**RESPONSE:** Denied.

26. Defendant will derive a competitive advantage from using VPR's patented technology without paying compensation for such use.

**RESPONSE:** Denied.

27. Unless and until defendant's continued acts of infringement are enjoined, VPR will suffer further irreparable harm for which there is no adequate remedy at law.

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant denies the allegations contained therein.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622

28. VPR realleges paragraphs 1 through 27 of this Complaint, as fully and completely as if set forth verbatim herein.

**RESPONSE:** Defendant incorporates all of the answers in the above paragraphs as if fully set forth herein.

29. Within the six years preceding the filing of this Complaint, Monq has directly infringed at least one claim of U.S. Patent No. 8,205,622 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

**RESPONSE:** Denied.

30. Without limiting the foregoing, Defendant has infringed at least claim 13 of the '622 Patent as described in the Claim Chart attached hereto as **Exhibit 2**.

**RESPONSE:** Denied.

31. Monq's activities alleged in this Count have been without license, permission, or authorization from VPR.

**RESPONSE:** Defendant admits that no license exists between Plaintiff and MONQ. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. The activities of Monq as set forth in this Count have been to the injury, detriment and irreparable harm to VPR.

**RESPONSE**: This paragraph contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant denies the allegations contained therein.

## COUNT II
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622

33. VPR realleges paragraphs 1 through 27 of this Complaint as fully and completely as if set forth herein verbatim.

**RESPONSE:** Defendant incorporates all of the answers in the above paragraphs as if fully set forth herein.

34. Within the six years preceding the filing of this Complaint, Monq has indirectly infringed at least one claim of U.S. Patent No. 8,205,622, by requesting and encouraging and inducing customers to purchase and use MONQ and RELIEVE products and Monq products substantially similar thereto in violation of 35 U.S.C. § 271(b).

**RESPONSE**: Denied.

35. Monq's activities alleged in this Count have been without license permission or authorization from VPR.

**RESPONSE**: Defendant admits that no license exists between Plaintiff and MONQ. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. The activities of Monq as set forth in this Count have been to the injury, detriment and irreparable harm to VPR.

**RESPONSE**: This paragraph contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant denies the allegations contained therein.

## COUNT III
## INDUCEMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,205,622

37. VPR realleges paragraphs 1 through 27 of this Complaint as fully and completely as if set forth herein verbatim.

**RESPONSE:** Defendant incorporates all of the answers in the above paragraphs as if fully set forth herein.

38. Within the six years preceding the filing of this Complaint, Monq actively, knowingly, and intentionally induced, requested, and encouraged customers to purchase and use MONQ PODs products together with MONQ R products.

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant denies the allegations contained therein.

39. The use of MONQ PODs products together with MONQ R products directly infringe at least one claim of U.S. Patent No. 8,205,622 in violation of 35 U.S.C. § 271(b).

**RESPONSE:** Denied.

40. Monq's activities alleged in this Count have been without license permission or authorization from VPR.

**RESPONSE:** Defendant admits that no license exists between Plaintiff and MONQ. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. The activities of Monq as set forth in this Count have been to the injury, detriment and irreparable harm to VPR.

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant denies the allegations contained therein.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested by the Complaint, or any other remedy or relief whatsoever.

## REQUEST FOR JURY TRIAL

With respect to the paragraph of the Complaint following the "JURY DEMAND" header, the allegation sets forth Plaintiff's demand for a jury trial to which no response is required.

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Without any admission as to burden of proof, burden of persuasion, or the truth of any of the allegations in Plaintiff's Complaint, Defendant states the following affirmative defenses.

Defendant reserves the right to assert additional defenses, as warranted by the facts learned through investigation and discovery.

## First Affirmative Defense
### (Invalidity of U.S. Patent No. 8,205,622)

One or more claims of the '622 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 101, 102, 103, and 112, and/or invalid under any other ground provided by 35 U.S.C. § 282, and/or based on other judicially-created bases for invalidity.

## Second Affirmative Defense
### (Non-Infringement of U.S. Patent No. 8,205,622)

Defendant does not and has not infringed, directly, indirectly, contributorily, by inducement, literally or under the doctrine of equivalents, willfully or in any other manner, any valid and enforceable claim of United States Patent Number 8,205,622 (the "'622 Patent").

## Third Affirmative Defense
### (Prosecution History Estoppel and Disclaimer)

Prosecution history estoppel based on the actions and/or statements of applicant during prosecution of the '622 patent bars the relief sought by Plaintiff in whole or in part as to the '622 patent.

## Fourth Affirmative Defense
### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Fifth Affirmative Defense
### (Lack of Standing)

Plaintiff does not have standing to assert claims for patent infringement under 35 U.S.C. § 271(a), (b), and (c).

## Sixth Affirmative Defense
### (Waiver, Laches, Acquiescence, Consent, and Estoppel)

Each of the purported claims set forth in this Complaint is barred in whole or in part by the doctrines of waiver, laches, acquiescence, consent, and/or estoppel.

## Seventh Affirmative Defense
### (Statutory Damage Limitations)

The relief sought by Plaintiff is limited by the marking and/or time provisions of 35 U.S.C. §§ 286 and/or 287.

## Eighth Affirmative Defense
### (Unclean Hands)

The claims are barred or limited by the doctrine of unclean hands.

## Ninth Affirmative Defense
### (Additional Defenses or Counterclaims)

Defendant reserves all defenses available under the Federal Rules of Civil Procedure and the U.S. Patent laws and any additional defenses or counterclaims that discovery may reveal including that Plaintiff has failed to aver any facts supporting the conclusion that they have suffered any irreparable injury or harm under 35 U.S.C. § 283, and that Plaintiff has failed to aver any facts supporting that this is an exceptional case and/or an award of attorney's fees under 35 U.S.C. § 285.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded the costs of this action, its attorneys' fees, and all other relief that this Court deems just and proper.

## COUNTERCLAIMS

For their counterclaims against Counterclaim-Defendant VPR Brands, LP ("VPR Brands" or "Counterclaim-Defendant"), Counterclaim-Plaintiff MONQ, LLC ("Counterclaim-Plaintiff" or "MONQ"), states as follows:

## PARTIES

1. Counterclaim-Plaintiff MONQ is a Delaware limited liability company with its principal place of business at 842 Conference Drive, Goodlettsville, TN 37072.

2. Upon information and belief, Counterclaim-Defendant VPR Brands, LP ("VPR Brands") is a Delaware limited partnership authorized to do business in Florida with a principal place of business located at 3001 Griffin Road, Fort Lauderdale, FL 33312.

3. VPR Brands claims to be the assignee of all the rights in and title to United States Patent No. 8,205,622 ("the '622 Patent").

## JURISDICTION AND VENUE

4. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. This Court has personal jurisdiction over Counterclaim-Defendant because Counterclaim-Defendant has availed itself of the rights and privileges of this forum by bringing this civil action in this judicial district and because, upon information and belief, Counterclaim-Defendant conducts substantial business in, and has regular and systematic contact with, this judicial district.

7. Venue for these counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I

**(Declaratory Judgment of Invalidity of the '622 Patent)**

8. MONQ restates and realleges each of the foregoing paragraphs 1-7 of the Counterclaims as if fully set forth herein.

9. VPR Brands states that it is the assignee and owner of the '622 Patent.

10. The '622 Patent is invalid under one or more provisions of the Patent Laws, 35 U.S.C. § 1, *et seq.*, including, but not necessarily limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

11. There has been, and is now, a substantial and continuing justiciable controversy between MONQ and VPR Brands as to the validity of the '622 Patent

## COUNT II

**(Declaratory Judgment of Non-infringement of the '622 Patent)**

12. MONQ restates and realleges each of the foregoing paragraphs 1-11 of the Counterclaims as if fully set forth herein.

13. VPR Brands states that it is the assignee and owner of the '622 Patent.

14. MONQ has never directly, indirectly, or contributorily infringed or induced infringement of the '622 Patent.

15. There has been, and is now, a substantial and continuing justiciable controversy between MONQ and VPR Brands as to the non-infringement of the '622 Patent.

## PRAYER FOR RELIEF

WHEREFORE, MONQ respectfully requests that this Court enter a judgment in their favor and against VPR as follows:

A. Dismissing the Complaint with prejudice and entering judgment for MONQ;

B. Declaring that MONQ has never directly, indirectly, or contributorily infringed or induced infringement of the '622 Patent;

C. Declaring that the '622 Patent is invalid under one or more provisions of the Patent Laws, 35 U.S.C. § 1, *et seq.*, including, but not necessarily limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

D. Awarding MONQ its reasonable attorney's fees, costs and expenses incurred in this action; and

E. Awarding any such other and further relief as this Court may deem proper.

    */s/ Robert D. Martin*
Meridian Law, PLLC
Thomas W. Shumate IV (#019595)
Robert D. Martin (#034338)
5141 Virginia Way, Suite 320
Brentwood, TN 37027
Tel: (615) 229-7499
Fax: (615) 229-7498
tom.shumate@meridian.law
robert.martin@meridian.law

*/s/ Andrew R. Cheslock*
Andrew R. Cheslock (*pro hac vice admission expected*)
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
Tel: (703) 838-6523
Fax: (703) 836-2021
andrew.cheslock@bipc.com
david.leibovitch@bipc.com

*Attorneys for Defendant MONQ, LLC*

Dated: April 26, 2021

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Answer and Counterclaim has been served via the Court's CM/ECF filing system on:

Daniel Novick
SRIPLAW
818 18th Avenue South
10th Floor
Nashville, TN 37203
Tel: (615) 608-4600
Fax: (561) 404-4353
E-mail: daniel.novick@sriplaw.com
***Attorney for Plaintiff VPR Brands, LP***

on this 26th day of April, 2021.

                                                                        */s/ Robert D. Martin*
                                                                         Robert D. Martin