# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VPR BRANDS, LP, | ) |
| Plaintiff, | ) NO. 3:21-cv-00172 |
| v. | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE FRENSLEY |
| MONQ, LLC, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Stay Pending *Inter Partes* Review of U.S. Patent No. 8,205,622 filed by MONQ, LLC. (Doc. No. 32). Plaintiff VPR Brands, LP ("VPR") filed a response to the motion (Doc. No. 37) and Defendant filed a reply (Doc. No. 39). Defendant also filed a supplemental reply. (Doc. No. 45).

For the reasons stated, Defendant's Motion to stay will be GRANTED.

### I. BACKGROUND

VPR initiated this patent infringement action against MONQ on March 2, 2021, alleging MONQ directly and indirectly infringed VPR's U.S. Patent No. 8,205,622 ("the '622 Patent") entitled "Electronic Cigarette." (Doc. No. 1). The parties have begun discovery and filed claim construction briefs. (*See* Doc. Nos. 50, 52, and 57). The Court has not yet held a *Markman* Hearing. The most recent Case Management Order issued April 1, 2022, pursuant to stipulation of the parties, requires the parties to serve written discovery and provide opening expert reports by June 7, 2022, provide rebuttal expert reports by July 19, 2022, and depose experts by September 16, 2022. (Doc. No. 63). Fact and expert discovery will be complete by September 19, 2022, and dispositive motions will be filed in November 2022. (*Id*.). The trial is set for April 25, 2023. (*Id*.).

VPR has also instituted infringement actions involving the '622 Patent against five other defendants in separately filed actions in Arizona, California, Massachusetts, and New York: *VPR Brands LP v. Jupiter Research, LLC*, Case No. 2:20-cv-02185 (D. Ariz.); *VPR Brands LP v. Cool Clouds Dist., Inc*., Case No. 2021-cv-01116 (C.D. Cal.); *VPR Brands LP v. PHD Marketing, Inc*., Case No. 2021-cv-03797 (C.D. Cal.); *VPR Brands LP v. BAE Worldwide, LLC*, Case No. 2021-cv-10971 (D. Mass.); *VPR Brands LP v. Myle Vape, Inc. et al*., Case No. 2021-cv-02445 (E.D.N.Y.).

On December 20, 2021, Jupiter Research, LLC ("Jupiter"), the defendant in the Arizona action and not a party to this case, filed a petition for *inter partes* review ("IPR") of Claims 13-18 of the '622 Patent. *Inter partes* review is a mechanism for any person other than the patent owner to challenge the patentability of any issued patent claims under Sections 102 and 103 of the Patent Act. *See* 35 U.S.C. § 311. The IPR proceeding is spilt into two stages: a preliminary stage, in which the United States Patent and Trademark Office ("USPTO") determines whether to institute an IPR, and a trial stage after which it renders a final written decision. 35 U.S.C. §§ 314-316. During the preliminary stage, the patent owner has three months to respond to the petition, and then the USPTO has three months to "determine whether to institute an *inter partes* review." 35 U.S.C. § 314. The USPTO may only institute an IPR if it determines that there "is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." *Id*. at § 314(a). If the USPTO institutes an IPR, it must issue a final written decision on patentability within one year, except that the time may be extended up to six months for good cause. *Id*. at § 316(a)(11). A party dissatisfied with the final written decision may appeal to the Federal Circuit. *Id*. at § 319.

VPR states that its response was due on April 14, 2022, and the USPTO is expected to issue a determination on whether to institute an IPR on or around July 14, 2022. (*See* Doc. No. 37 at 10).

MONQ seeks to temporarily stay this case pending the USPTO's decision to institute IPR and requests that if the USTPO decides to institute IPR, that the case be stayed pending conclusion of the review. MONQ contends that delaying this case to allow the claims of patent validity to be decided by the USPTO will conserve resources of the parties and the Court because if Jupiter prevails in the IPR as to some or all of its claims, this case will either be rendered moot or significantly simplified.

VPR argues a stay is not justified because the USPTO has not yet decided to institute IPR and is unlikely to do so and because a stay will not simplify the issues and will unduly prejudice VPR.

## II. ANALYSIS

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Avanos Medical Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*, No. 2:19-cv-02754, 2020 WL 7865959, at *1 (W.D. Tenn. Nov. 24, 2020) (quoting *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (the courts authority to stay litigation is "inherent" and "discretionary")).

In considering whether to stay a case pending IPR, the Court considers: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Avanos Medical*, 2020 WL 7865959, at *1 (citing *Anglefix Tech., LLC v. Smith & Nephew, Inc.*, No. 2:13-cv-02281, 2014 WL 11698745, at

*1 (W.D. Tenn. May 1, 2014)). "The party requesting the stay has the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Id*. (citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)).

Many courts have recognized that there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO [ ] proceedings." *Horizon Global Am., Inc. v. Curt Manufacturing, LLC*, No. 2:17-cv-11879-AC-SDD, 2019 WL 8750416, at *3 (E.D. Mich. Dec. 14, 2019) (citing *Service Solutions U.S., LLC v. Autel.US Inc*., No. 13-10534, 2015 WL 401009, at *1 (E.D. Mich. Jan. 28, 2015)); *Everlight Electronics Co. Ltd. v. Nichia Corp*., No. 12-cv-11758, 2013 WL 1821512, at * 6 (E.D. Mich. Apr. 30, 2013) (citing *NUtech Ventures v. Norman Noble, Inc*., No. 1:12CV2326, 2013 WL 8703825, at *2 (N.D. Ohio May 30, 2013)).

While some courts have stayed proceedings before the USTPO decides to institute an IPR, others have recognized that the case for a stay is stronger after the USPTO has decided to institute an IPR trial. *See, e.g*., *VirtualAgility, Inc. v. Saleforce.com*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) ("no doubt the case for a stay is stronger after post-grant review has been instituted"); *Bennett v. Regulator Guards, Inc. v. McJunkin Red Man Corp*., No. 5:12-cv-1040 (N.D. Ohio Apr. 1, 2015) (denying motion to stay pending decision to institute a petition requesting an IPR); *Magna Elecs., Inc. v. Valeo, Inc*., No. 2:14-cv-10540 (E.D. Mich. Sept. 30, 2015) (denying motion to stay where no IPR had been instituted).

It is clear that the Court may, but is by no means required to, stay the pending litigation pending the outcome of the petition for IPR. The Court proceeds to consider the relevant factors.

**A. Prejudice to the Non-Moving Party**

The first factor to be considered is whether a stay will be unduly prejudicial or present a clear tactical advantage to the non-moving party. VPR argues that because MONQ is a direct competitor in the electronic cigarette market, a stay will result in a greater likelihood that VPR will lose market share to MONQ. MONQ argues that it is not actually a direct competitor because, notwithstanding its ownership of a registered trademark for "electric cigarettes," its core business is in aromatherapy devices. MONQ adds that VPR did not request a preliminary injunction and suggests the failure to do so undercuts any claim of prejudice resulting from a stay.

Courts are generally reluctant to stay proceedings where the parties are direct competitors. *See Malibu Boats, LLC v. Nautique Boat Co., Inc.*, No. 2014 WL 3866155, at *2 (E.D. Tenn. Aug. 6, 2014) (citing *Everlight Elec. Co., Ltd. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512, at *8 (E.D. Mich. Apr. 30, 2013) and *Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865, 2010 WL 5140573, at *5 (D. Del. Dec. 13, 2010)); *see also*, *Protective Indus., Inc. v. Ratermann Manuf., Inc.*, No. 3:10-cv-1033, 2010 WL 5391525, at *2 (M.D. Tenn. Dec. 22, 2010). This is because infringement by direct competitors can cause harm in the marketplace that is not compensable by readily calculable money damages. *Malibu Boats*, 2014 WL 3866155, at *2 (citing *Universal Elec. Inc. v. Universal Remote Control, Inc.,* 943 F.Supp.2d 1028, 1033 (C.D.Cal. 2013)).

The parties have not provided enough information for the Court to fully consider the extent to which VPR and MONQ compete in the marketplace or the potential impact of the stay on VPR's market share. For example, in *Malibu Boats*, the court considered that the plaintiff and defendant competed in a "relatively narrow market with only a handful of competitors." *Malibu Boats*, 2014 WL 3866155, at *3. Here the parties have not provided information from which the Court could determine the extent of the potential competitive prejudice to VPR by the delay. However, the

5

Court will accept that the parties appear to operate broadly in the same market and finds this factor weighs somewhat in favor of denying the stay.

VPR also argues that MONQ is using a stay for tactical advantage and delay. VPR points out that, if the USPTO determines to institute an IPR, the delay would be at least eighteen months, longer if there is an extension or appeal. Delay necessarily entails the risk of loss of evidence and the potential for fading memories. However, the delay contemplated here, is not so extensive that these are substantial concerns. Moreover, given the technical considerations, the outcome of the case appears less likely to turn on the recollection of witnesses than the technical specifications of the patent and allegedly infringing products.

VPR next argues that Jupiter unreasonably delayed seeking IPR and that "[n]either Jupiter nor MONQ should be allowed to reap the benefits of Jupiter's unreasonable delay in filing the IPR." (Doc. No. 37 at 12). VPR notes that MONQ has an opportunity to join the IPR, but has chosen not to do so. The Court finds the alleged tactical delay on the part of Jupiter, which is not a party to this case, largely irrelevant to the question of whether the stay affords MONQ tactical advantage in this case. VPR's only relevant assertion of tactical advantage is that, at the time MONQ sought the stay, VPR had filed its notice on Claim Construction and accompanying brief, and MONQ had not yet been obligated to respond. As claim construction is now fully briefed, this argument is moot.

### B. Simplification of Issues

VPR argues that not only has the IPR not been instituted yet, but it is also unlikely to be instituted because it is deficient both procedurally and on the merits. Nevertheless, there is little question that if the USPTO initiates an IPR, it is likely that such review will result in simplification of some, if not all of the issues. The parties cite statistics showing that approximately 66-67% of

6

petitions directed to electrical or mechanical patents were instituted, and when IPR is instituted at least one of the claims will be held unpatentable in 80% of cases, and 36% of instituted petitions result in invalidation of all asserted claims. (Doc. No. 37 at 23 (citing *Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*, No. 2:19-cv-02754, 2020 WL 7865959, at *3 (W.D. Tenn. Nov. 24, 2020)); Doc. No. 32-1 (citing United States Patent and Trademark Office: Trial Statistics June 2020, *uspto.gov*.))[1]

VPR argues that if IPR does not result in invalidated claims (approximately a 20% chance), the proceeding will have little impact on this litigation because the scope of review of the USPTO is narrower than that of the Court, and because MONQ is not a party to the IPR proceeding, it will not be estopped from raising arguments that were or could have been raised by Jupiter during IPR.

The Court acknowledges that an IPR proceeding would be more likely to affect the outcome of this case if MONQ were a party to the proceeding. Indeed, the outcome of the IPR will have little effect on this case if the USPTO does not institute IPR or if the claims are ultimately deemed patentable. Nevertheless, the Court finds that the potential for simplification of the issues and associated conservation of resources for the Court and the parties weighs in favor of a stay.

## C. Stage of the Litigation

The Court next turns to consideration of the stage of litigation. Courts have denied stay requests when the litigation has progressed significantly toward trial and a trial date has been set. *Proctor & Gamble Co. v. Team Tech., Inc.*, No. 1:12-cv-552, 2013 WL 4830950, at *4 (S.D. Ohio Sept. 10, 2013). When a case has progressed significantly or the Court has already devoted significant time and resources to familiarizing itself with the parties' dispute, a delay may not be

---

[1] Available at *uspto.gov/sites/default/files/documents/ptab_aia_fy2021_roundup.pdf*.

an effective use of judicial resources. *See Malibu Boats*, 2014 WL 3866155, at * 5 (citing *Universal Elec. Inc. v. Universal Remote Control, Inc.,* 943 F.Supp.2d 1028, 1031 (C.D.Cal. 2013)).

Here, the case has not progressed significantly. Although the parties have now engaged in some discovery and filed claim construction briefs, the discovery deadline of September 19, 2022, is months away and the Court has not held a claim construction hearing. Moreover, the scheduled trial date is approximately a year from now on April 23, 2023. While the parties have proceeded with discovery and briefing claim construction, the Court has not yet devoted significant time and resources to familiarizing itself with the parties' dispute.

In consideration of the stage of the case and the potential to resolve or narrow the claims, the Court finds that a stay is warranted. Importantly, the USPTO is expected to issue a decision on whether to initiate IPR by mid-July – less than three months from now. If IPR is not instituted, the stay will be lifted and the case will proceed with only a slight delay. If IPR is instituted, it will be based on a determination that there is a reasonable likelihood that Jupiter will prevail with respect to at least one of the claims challenged in the petition. 35 U.S.C. § 314(a). Statistically, there is an 80% chance that some or all of the claims will be invalidated, which would result in significant conservation of resources for the parties and the Court. Under these circumstances, the Court finds the benefits of allowing the USPTO to resolve the patentability issues as to the patent claims at issue in this case justifies a stay.

### III. CONCLUSION

Accordingly, Defendant's Motion for Stay Pending *Inter Partes* Review (Doc. No. 32) is **GRANTED**. This case is hereby **STAYED** pending *inter partes* review. Regardless of the outcome of the decision, the parties shall file a notice with the Court within 10 days of the decision regarding institution of IPR. If the petition for IPR is denied, the parties shall move to lift the stay and request a case management conference with the Magistrate Judge to reset case management deadlines. If IPR is instituted, the stay will remain in effect pending final decision by the USPTO.

The Clerk is directed to administratively close this case pending lifting of the stay.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE